

FILED
Stephan Harris
Clerk of Court
3:57 pm, 8/29/18

United States District Court

For The District of Wyoming

DR. LIMIN SHE,

    Plaintiff,

vs.

HEALTH LINE INTERNATIONAL CORP., et al.,

    Defendants.

Civil No. 18-CV-135-F

**ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER CASE TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH [DOC. 15]**

**AND**

**DEFERRING RULING ON PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELINMINARY INJUNCTION [DOC. 2]**

This matter is before the Court on Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction [Doc. 2] and Defendants' Motion to Transfer Case to the United States District Court for the District of Utah [Doc. 15]. The issues in the Motion to Transfer Venue go to the Court's jurisdiction to hear this case and will be addressed first. The Court has carefully considered the Motion to Transfer, the Response in opposition, and concludes a hearing is not necessary for resolution of the matter.

**FACTUAL BACKGROUND**

This case is before the Court on Plaintiff's Complaint alleging breach of contract, breach of fiduciary duty, promissory estoppel and quantum meruit, fraudulent concealment, civil conspiracy, conversion, ultra vires acts, misappropriation of trade secrets, intentional or

tortious interference with a business expectancy and contract, and seeking declaratory and injunctive relief for accounting. Health Line International Corporation ("HLIC") is a corporation formed under the laws of the State of Wyoming and located in Utah and China. Dr. She and IMSI Medical, Inc. ("IMSI"), of which Joel Faulkner is a majority owner, each have a 50% ownership interest in HLIC. HLIC develops, manufactures, and distributes products for vascular access, infusion therapy, and infection control. In 2007, HLIC formed HLIC Foshan Plastech Corporation ("Foshan"), for the purpose of manufacturing catheters for HLIC in China. Dr. She has had managerial control over Foshan at all relevant times. Dr. She alleges Gloria Faulkner, in cooperation with Joel Faulkner, Elliott Faulkner, and Aaron Faulkner, created and operated Estrella Medical, LLC ("Estrella Med."). Plaintiff alleges Estrella Med. is utilizing HLIC's resources, including sharing employees and office space, and sought to obtain dominion over all HLIC's intellectual property.

In the fall of 2017 Dr. She decided to sell his shares of HLIC due to medical concerns. Dr. She executed a sale agreement with Juliu Investments ("Juliu") in May of 2018, with the sale and sale price contingent on conducting due diligence. Dr. She claims Joel Faulkner also began negotiations to sell his shares to Juliu, and that Joel Faulkner agreed to allow Juliu to audit and visit HLIC. Dr. She goes on to allege Joel Faulkner later revoked his promise to allow an audit when negotiations broke down. Dr. She alleges his shares are losing value due to Joel Faulkner's refusal to allow an audit.

Dr. She filed his Complaint [Doc. 1] on August 18, 2018, and at the same time filed a Motion for Temporary Restraining Order and Preliminary Injunction [Doc. 2]. Dr. She's Motion seeks an order requiring Defendants to allow Plaintiff, and his prospective buyer Juliu, to conduct due diligence by accessing the financial records of the corporation. In response to

the filing of the suit, Defendants Estrella Medical LLC, Aaron Faulkner, Elliot Faulkner, Gloria Faulkner, Joel Faulkner, and IMSI Medical Inc. ("Faulkner Defendants"), filed a Motion to Change Venue to Transfer Case to the United States District Court for the District of Utah [Doc. 15].

The issues in the Motion to Transfer Venue go to the Court's jurisdiction to hear this case therefore, the Court finds it must first decide Defendants' Motion to Transfer before considering the Motion for Temporary Restraining Order and Preliminary Injunction.

### DEFENDANTS' MOTION TO TRANSFER CASE [DOC. 15]

The Faulkner Defendants request the Court transfer this case to the United States District Court for the District of Utah. Defendant HLIC filed a Response in Support of the Motion to Change Venue [Doc. 20] on August 23, 2018. IMSI and HLIC filed a Complaint alleging breach of the fiduciary duty against Dr. She in the United States District Court for the District of Utah on June 18, 2018 ("Utah Action"). The Utah Action is based on allegations that Foshan, under the direction of Dr. She, stopped filling orders for HLIC customers outside of China and has refused to communicate with HLIC regarding business issues.

Defendants argue the Utah Action governs under the first to file rule. Defendants point out the chronology of the actions supports the transfer to the District of Utah. The Utah Action was filed on June 18, 2018, and Dr. She did not file in this Court until two months later on August 16, 2018. Defendants go on to argue the actions are substantially similar. First, both actions involve many of the same parties, and Defendants claim the additional Defendants named in this action are directly related to HLIC or IMSI and are substantially similar to the common parties. Defendants further argue the issues of the two cases involve the same

substantive issue, namely, the proper characterization of the breakdown between Dr. She, HLIC, and IMSI.

### PLAINTIFF'S RESPONSE

In Response, Dr. She argues transfer of this case to Utah is not appropriate since IMIS was not authorized to file a lawsuit on HLIC's behalf, the Faulkner Defendants are alleged to have violated duties to HLIC, and the first to file rule is not applicable in this situation. Dr. She argues the three elements necessary for the first to file rule are not met. First, Dr. She claims the filing of the Utah Action a short time before this action should not trigger the rule. Next, Dr. She argues the parties are not similar in that the Utah Action concerns just the two HLIC shareholders, where this action contains a number of additional parties by way of the Faulkner Defendants. Lastly, Dr. She argues the issues and facts pertinent to each suit are distinct and do not substantially overlap.

Additionally, Dr. She argues that even if the first to apply rule were applicable it should be disregarded since the Utah Action was filed in bad faith and solely for the purpose of forum shopping. Dr. She claims the Utah Action was filed during ongoing settlement discussions and in anticipation of Dr. She's threatened legal action. As a result, Dr. She argues the Motion to Change Venue should be denied.

### STANDARD OF REVIEW

The first to file rule "is that the first federal district court which obtains jurisdiction of parties and issues should have priority and the second court should decline consideration of the action until the proceedings before the first court are terminated." *Cessna Aircraft Company v. Brown*, 348 F.2d 689, 692 (10th Cir. 1965). The first to file rule seeks to "prevent

a misuse of litigation in the nature of vexatious and oppressive foreign suits." *O'Hare Intern. Bank v. Lambert*, 459 F.2d 328, 331 (10th Cir. 1972).

> Federal courts have recognized that, as courts of coordinate jurisdiction and equal rank, they must be careful to avoid interfering with each other's affairs in order "to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *Sutter Corp. v. P & P Indus., Inc.*, 125 F.3d 914, 917 (5th Cir.1997) (quotation omitted). To aid in achieving this goal, the "first-to-file" rule permits a district court to decline jurisdiction where a complaint raising the same issues against the same parties has previously been filed in another district court. *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir.1991). However, "simply because a court is the first to obtain jurisdiction does not necessarily mean that it should decide the *merits* of the case." *Hospah Coal Co. v. Chaco Energy Co.*, 673 F.2d 1161, 1164 (10th Cir.1982).

*Buzas Baseball, Inc. v. Bd. of Regents of Univ. Sys. of Georgia*, 189 F.3d 477 (10th Cir. 1999)

### RULING OF THE COURT

Defendants ask this case be transferred because the Utah Action was filed first and has similarities with this case. In analyzing whether the first to file rule should apply, the Court looks to "(1) the chronology of the actions; (2) the similarity of the parties; and (3) the similarity of issues." *Biotronik, Inc. v. Lamorak Ins. Co.*, 2015 WL 3522362, at *9 (D.N.M June 3, 2015) (citing *Cherokee Nation v. Nash*, 724 F.Supp.2d 1159, 1165 (N.D. Okla. 2010)).

***Chronology of the Actions***

IMSI and HLIC filed suit against Dr. She in the United States District Court for the District of Utah on June 18, 2018. IMSI then filed a First Amended Verified Complaint in the Utah Action on July 10, 2018. The First Amended Complaint realigns HLIC as a defendant along with Dr. She. The instant action was filed by Dr. She on August 16, 2018. Dr. She argues the short time frame, two months, between the filing of the two actions should not trigger the rule. Dr. She is correct "when competing actions are filed within a short time of

each other, courts *may* disregard the first-filed rule." *Employers Reinsurance Corp. v. MSK Ins., Ltd.*, No. CIV.A.01-2608-CM, 2003 WL 21143105, at *6 (D. Kan. Mar. 31, 2003) (emphasis added). Given the timing of the two suits, there is no question the Utah Action was filed first. The issue of whether or not the first to file rule should be disregarded in this case is dependent on the two remaining considerations that will be fully addressed in turn. The Court will not simply refuse to apply the rule based on the relatively close time proximities of the filing of the actions.

*Similarity of the Parties*

In assessing the similarity of the parties, "the parties need not be identical and '[o]nly similarity or substantial overlap is required.'" *Biotronik, Inc. v. Lamorak Ins. Co.*, No. CIV. 15-00252 WJ/WPL, 2015 WL 3522362, at *9 (D.N.M. June 3, 2015) (quoting *Shannon's Rainbow, LLC v. Supernova Media, Inc.*, 683 F.Supp.2d 1261, 1278–79 (D.Utah 2010)); *see also Ed Tobergte Assocs., Inc. v. Zide Sport Shop of Ohio, Inc.*, 83 F.Supp.2d 1197, 1198 (D.Kan.1999) ("[s]ubstantial similarity in the parties and issues is sufficient to invoke application of the rule").

Plaintiff argues the parties are not similar since the Utah Action only involves the two HLIC shareholders. The parties directly named in the Utah Action are Dr. She, HLIC, and IMSI. The Wyoming Action includes those same parties, in addition to Joel Faulkner, Aaron Faulkner, Elliot Faulkner, Gloria Faulkner, and Estrella Medical, LLC. The Court finds the parties are substantially similar. The additional Defendants named in this action are directly related to HLIC and IMSI by Dr. She's own allegations. Dr. She's Complaint [Doc. 1] alleges: he and IMSI each own a 50% interest in HLIC, and Dr. She alleges IMSI is solely owned and operated by Joel Faulkner; Gloria Faulkner is Joel Faulkner's wife, worked as the Project

Manager for HLIC, and currently owns Estrella Med; Aaron Faulkner is Joel and Gloria Faulkner's son and also serves as the Director of Engineering and Product Development of HLIC; Elliot Faulkner is the son of Joel and Gloria Faulkner and serves as the Vice President of Business Development for HLIC.

The Court finds the parties in the present case substantially overlap with the parties in the Utah Action. Both cases involve HLIC, IMSI, and Dr. She. Further, all additional Defendants in this action are directly related to HLIC and IMSI, and the allegations against them by Dr. She are directly related to their ties to HLIC and IMSI. Therefore, the parties are sufficiently similar.

*Similarity of the Issues*

Plaintiff argues the issues are distinct and not strikingly similar, and claims a ruling in the Utah Action will not determine Dr. She's right to inspect HLIC's books and records or address the Faulkner Defendants' alleged wrongdoings. The Utah Action alleges breach of the fiduciary duty against Dr. She, claiming Dr. She breached his fiduciary duties by engaging in actions that jeopardize the financial wellbeing of HLCI and IMSI. In this action, Dr. She alleges Defendants Joel Faulkner, Aaron Faulkner, Elliot Faulkner, and Gloria Faulkner breached their fiduciary duty by "plundering HLIC, including transferring HLIC's assets to Estrella Med, so that Estrella Med could take HLIC's place in the market." Verified Compl., Aug. 16, 2018, ECF No. 1 at 11.

It is clear both cases involve a dispute between Dr. She, HLIC, IMSI, and by virtue of IMSI's involvement, Joel Faulkner, Aaron Faulkner, Elliot Faulkner, Gloria Faulkner, and Estrella Medical, LLC. Plaintiff may be technically correct in that the issues raised in the two cases are separate, that is, Dr. She's alleged misconduct in the Utah Action and the Faulkner

7

Defendants alleged misconduct in this action. But issues raised in both cases are based on the interactions of the parties and how each individual's action, or inaction, affects each other given their respective positions within HLIC. Consequently, there is substantial similarity regarding the issues of the two cases.

Further, any differences between the two cases are minimized as it is likely the additional issues will arise as counterclaims, setoff, or in defense. *Animal Health Int'l, Inc. v. Livingston Enterprises, Inc.*, No. 12-CV-00369-LTB, 2012 WL 1439243, at *4 (D. Colo. Apr. 26, 2012). The similarity of the issues leads the Court to "conclude that their simultaneous adjudication here and in [Utah] risks rendering conflicting rulings and would be a waste of time, energy, and money. This is precisely what the first to file rule was designed to ameliorate." *Id*. (citing *Keymer v. Mgmt. Recruiters Int'l, Inc.,* 169 F.3d 501, 503 n. 2 (8th Cir.1999) ("The first-filed rule gives priority, when parallel litigation has been instituted in separate courts, to the party who first establishes jurisdiction in order to conserve judicial resources and avoid conflicting rulings.")).

***Anticipatory Filing***

"As a general rule, the first suit filed has priority, unless there are circumstances which justify giving priority to a later-filed action." *U.S. ex rel. Brown Minneapolis Tank Co. v. Kinley Const. Co.*, 816 F.Supp.2d 1139, 1151 (D.N.M. 2011) (citing *Venture Corp. v. J.L. Healy Constr. Co.,* Civ. A. No. 88–1351–T, 1988 WL 131354, at *2 (D.Kan. Nov. 22, 1988)). The first to file rule will not be applied where one party files its lawsuit in anticipation of an impending suit by the opposing party. *U.S. ex rel. Brown Minneapolis Tank Co. v. Kinley Const. Co.*, 816 F.Supp.2d 1139, 1151 (D.N.M. 2011). Plaintiff argues the Utah Action is a "'sham' filed in bad faith and only intended as a mechanism for procedural fencing in response

to Dr. She's lawful demand to inspect HLIC's corporate books and records." Pl.'s Resp. to Defs.' Mot. to Transfer this Action to The District of Utah, August 28, 2018, ECF No. 27 at 3.

"A suit is 'anticipatory' for the purposes of being an exception to the first-to-file rule if the plaintiff in the first-filed action filed suit on receipt of specific, concrete indications that a suit by the defendant was imminent." *Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc.*, 179 F.R.D. 264, 271 (C.D. Cal. 1998) (citing *Ward v. Follett Corp.*, 158 F.R.D. 645, 648 (N.D.Cal.1994). Dr. She argues the June 15, 2018, letter demanding to audit HLIC's financial records and informing Joel Faulkner that if this request is denied Dr. She "will take the appropriate action necessary to enforce" his rights. First Am. Compl., Aug. 16, 2018 ECF No. 1 Exhibit K at 3. The Court is not persuaded by this argument. In order for a suit to be declared anticipatory it must provide "specific, concrete indications that a suit by defendant was *imminent*." *Id*. (quoting *Ward,* 158 F.R.D. at 648 (emphasis in original). Plaintiff's generic assertion that "appropriate action" would be taken, while it may infer legal action could be taken, does not provide any specific and concrete evidence that suit was imminent.

Moreover, the Utah Action, does not directly address the issue of Dr. She's review of the financial documents as requested in the letter. While the issues in both this action and the Utah Action are substantially similar, as addressed above, the claims and allegations made in the Utah Action do not indicate suit was filed in response to Dr. She's demand to review HLIC's financial documents. Rather, the Utah Action sets forth the Faulkner Defendants' concerns and allegations of breach of fiduciary duty by Dr. She. Thus, there is insufficient evidence to disregard the first to file rule on the basis the Utah Action was filed in an anticipatory measure to the June 15, 2018, letter. *Id*.

Lastly, the Court is in no position to say the Utah Action was filed in bad faith.  The Utah Action contains numerous factual allegations in support of the contention Dr. She breached his fiduciary duty.  Any finding by this Court that those claims are without merit or were made in bad faith would improperly infringe on the Utah Action, and could potentially subject the parties to conflicting rulings.

## CONCLUSION

"[T]he prevailing standard is that the first-filed rule should apply in the absence of compelling circumstances."  *Animal Health Int'l, Inc.*, 2012 WL 1439243, at *4  (*citing Keymark Enterprises, LLC v. Eagle Metal Products,* 2008 WL 4787590, *3 (D.Colo. Oct. 30, 2008) (quoting *U .S. Fire Ins. Co. v. Goodyear Tire & Ribber Co.,* 920 F.2d 487, 488–89 (8th Cir.1990)).  Here, the Court finds the first to file rule justifies transfer of this case to the United States District Court for the District of Utah.  The chronology of the actions and similarity of the parties and issues between the present case and Utah Action support this finding.  Therefore, this case is transferred to the District of Utah.  Given the transfer of venue, the Court will abstain from ruling on Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction [Doc. 2].

THEREFORE, IT IS ORDERED Defendants' Motion to Transfer Case to the United States District Court for the District of Utah [Doc. 15] is GRANTED.

IT IS FURTHER ORDERED the Clerk of Court shall transfer this case to the United States District Court for the District of Utah.

Dated this 29th day of August, 2018.

_____
Nancy D. Freudenthal
U.S. District Court Judge